## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Tri-Valley Corporation, *et al.*,[1] | Case No. 12-12291 (MFW) |
| Debtors. | |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.*, | Adv. Pro. No. _____ |
| Plaintiff. | |
| v. | |
| Cannon, Inc., | |
| Defendant. | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DELAY OR TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Plaintiff Charles A. Stanziale, Jr. (the "Plaintiff" or the "Trustee"), in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.,* by and through his attorneys McCarter & English, LLP, as and for his Complaint against Cannon, Inc. (the "Defendant") to avoid, recover and preserve preferential transfers pursuant to Sections 547 and 550 of the United States Bankruptcy Code, and to delay or to disallow any claims held by the Defendant pursuant to Section 502(d) of the United States Bankruptcy Code, respectfully alleges as follows:

### Jurisdiction and Venue

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

2.      The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      This action is brought as an adversary proceeding pursuant to Bankruptcy Rule 7001 et seq. of the Bankruptcy Rules and Sections 547 and 550 of the Bankruptcy Code.

4.      Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409 because this is a proceeding relating to, and arising under, Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and the above-captioned chapter 7 case.

5.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In the event any portion of this proceeding is deemed to be a non-core proceeding, the Plaintiff consents to the entry of final judgment by this Court.

### Parties

6.      The Trustee is the duly appointed, qualified, and serving Trustee of the Debtors' estates. The Trustee has standing and all due authority to bring the claims contained herein on behalf of the Debtors' estate pursuant to 502, 547 and 550 of the Bankruptcy Code.

7.      Tri-Valley Corporation incorporated in 1988.  Its primary business was the development of oil wells and the exploration and location of natural gas resources.

8.      The Debtor was a Delaware corporation and maintained a principal place of business at 4927 Calloway Drive, Bakersfield, California 93312.

9.      The Plaintiff/Trustee maintains offices located at Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102.

ME1 18421070v.1

10.     The Defendant has a registered agent who maintains a principal place of business at 6633 Bay Laurel Place, Avila Beach, CA 93424

## Background

11.     Tri-Valley Corporation and its two subsidiaries, Select Resources Corporation, Inc. and Tri-Valley Oil & Gas Co., each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. 101 *et. seq.* (the "Bankruptcy Code") in the United Stats Bankruptcy Court for the District of Delaware on August 7, 2012 (the "Petition Date").

12.     On August 9, 2012, the Court entered an order Directing the Joint Administration of Debtors' Cases [Docket no. 32].

13.     On March 25, 2013, the Bankruptcy Court entered an Order converting the Debtors' cases to Chapter 7 proceedings [Docket No. 692].  On March 26, 2013, the United States Trustee Office appointed Charles A. Stanziale, Jr., as the Chapter 7 Trustee (the "Trustee")in the Debtor's bankruptcy cases [Docket No. 696].

14.     On May 6, 2013, this Court entered an Order Authorizing the Retention and Employment of McCarter & English, LLP, as Counsel to the Chapter 7 Trustee Nunc Pro Tunc to March 26, 2013.

15.     Prior to the Petition Date, the Defendant conducted business with one or more of the Debtors.

## The Transfer

16.     During the 90-day period prior to the Petition Date, from May 9, 2012, to August 6, 2012, the Debtors made transfers to the Defendant in the amount of $22,910.49 (the

3

"Transfers").   The details of the Transfers are set forth on the schedule annexed hereto as **Exhibit A**, which is incorporated by reference.

17.     The Transfers constituted transfers of an interest of the Debtors' in property.

**COUNT I**
**(AVOIDANCE AND RECOVERY OF PREFERENTIAL**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b) AND 550(a))**

18.     The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 17 above as if fully set forth herein.

19.     The Transfers were made to or for the benefit of the Defendant, a creditor of the Debtors.

20.     The Transfers were made for or on account of antecedent debt owed to the Defendant by the Debtors before the Transfers were made.

21.     The Transfers were made while the Debtors were insolvent.

22.     The Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment on account of the debts paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

23.     By reason of the foregoing, the Transfers constituted preferential transfers which the Trustee is entitled to avoid pursuant to section 547(b) of the Bankruptcy Code and which are recoverable from the Defendant as an initial transferee under section 550(a) of the Bankruptcy Code.

ME1 18421070v.1

24.     As a result of the foregoing, under sections 547(b) and 550(a) of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendant:  (i) avoiding and preserving the Transfers; (ii) directing that the Transfers be avoided; and (iii) recovering the Transfers, or the value thereof, from the Defendant, as set forth on the schedule annexed hereto as **Exhibit A**, for the benefit of the Debtors' estates.

## **RESERVATION OF RIGHTS**

The Trustee reserves the right to bring all other claims or causes of action that the Trustee might have against the Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, the Trustee has not completed a review and analysis of the proofs of claim filed in the Debtors' bankruptcy cases.  Therefore, nothing contained in this Complaint shall be construed as a waiver of the Trustee's right to object to any proof of claim filed by the Defendant.  Accordingly, the Trustee reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant including under section 502 of the Bankruptcy Code.  For such objections to claims, a separate notice will be given and a separate hearing will be scheduled.

**[Remainder of page intentionally left blank]**

ME1 18421070v.1

**WHEREFORE**, the Trustee respectfully requests the following:

(1)      The relief requested in each Count herein; and

(2)      Granting the Trustee such other and further relief as the Bankruptcy Court deems just

and proper.

Dated:  July 8, 2014
        Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ William F. Taylor, Jr.*
William F. Taylor, Jr., Esq. (DE # 2936)
405 N. King Street, 8th Floor
Wilmington, DE 19801
Tel: 302-984-6300
Fax: 302-984-6399
wtaylor@mccarter.com

— and —

Jeffrey T. Testa, Esq.
Donald J. Crecca, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Tel:  973-622-4444
Fax:  973-297-3823
jtesta@mccarter.com
dcrecca@mccarter.com

*Counsel to Charles A. Stanziale, Jr., the Chapter 7 Trustee*

ME1 18421070v.1